HENRY LAUER et al., partners as Stern, Lauer, Shol & Company, appellants,

*v.*

GEORGE R. GRAY, receiver of the United States Credit System Company, respondent.

1. Where a party was the holder of a certificate of guarantee or policy of insurance against the loss of credits for goods shipped, and loss occurring between the commencement and expiration thereof, and which contained a provision that "If this certificate is renewed by the said above-named party on or before the date of its expiration, at the regular terms of the company, in force at the time of such renewal, then, in that case, losses occurring after the expiration of this certificate, on goods shipped between the commencement

Lauer *v.* Gray.

and the expiration thereof, shall be provable under the renewal, in the same manner as if losses occurred on goods shipped after the commencement of the renewal," upon which original policy losses occurred, in accordance with its terms and conditions, and which, upon adjustment and allowance by the insurers, were not paid to the insured, but retained by the insurers, and under an agreement made subsequent to the expiration of the policy that, upon the cancellation thereof, such losses should answer the payment of a premium for a renewal policy—*Held*, that the retention of these losses under such an agreement, constituted payment " on or before the date of the expiration" of the original policy, of the guarantee fee or premium of the renewal policy, and was a compliance with the condition therein that "*If this certificate has been paid for* on or before the date of the expiration of the certificate held by the above-named party last prior to this one, then, in that case, losses occurring during the life of this certificate, on goods shipped during the term of the last prior one, shall be included in the calculation of losses under this certificate, in the same manner as if the goods had been shipped and the loss had occurred during the life of this certificate," although the adjustment of the losses under the prior certificate, and the cancellation thereof, and the execution and delivery of the renewal, did not take place until after the expiration of the original certificate. The two certificates or policies of insurance were connected together, and had reference to each other, and the adjustment of loss, cancellation, agreement aforesaid, and the execution and delivery of the renewal had relation to the life of the prior certificate, the losses upon which, by virtue of the agreement, constituted the payment of the premium of the renewal, by reason of the situation which existed before the expiration of the prior one, and to which the renewal had reference, and it was immaterial, under such circumstances, that the execution and delivery of the renewal were postponed until the adjustment of the losses and cancellation of the former policy could be accomplished.

2. The obligation of the insurer to issue and deliver the certificate of renewal, accepting as payment of the premium therefor the losses owing to the insured upon the prior policy, when adjusted, and the policy canceled, being established, the payment related back to the life of the prior policy and was of the time during which such losses occurred, and the mere delay, during negotiations of putting the obligation into a written agreement or contract, or embodying it in a formal certificate of renewal, did not alter or extinguish such obligation; equity will impute the intention to fulfill the obligation, and if necessary to protect and enforce the just rights of the parties, it will assume the obligation to have been fulfilled in accordance with the principle or maxim that equity looks upon that as done which ought to be done.

On appeal from decrees advised by Vice-Chancellor Reed.

The appellants are the holders of a certificate of guarantee or policy of insurance for the sum of $20,000, issued and delivered to them June 12th, 1893, by the United States Credit System

Company, guaranteeing or insuring them against losses upon credits given by them to their customers in business on sales and shipments made by the appellants between June 1st, 1893, and May 31st, 1894. This certificate also contained the following clause of insurance, to wit:

"If this certificate has been paid for on or before the date of expiration of the certificate held by the above-named party last prior to this one, then in that case losses occurring, during the life of this certificate, on goods shipped during the term of the last prior one, shall be included in the calculation of the losses under this certificate, in the same manner as if the goods had been shipped and the loss had occurred during the life of this certificate."

The appellants had been the holders of a prior certificate of guarantee against losses of this character, dated June 12th, 1892, to run until May 31st, 1893, as the date of its expiration. This prior certificate contained the following clause, to wit:

"If this certificate is renewed by the above-named party on or before the day of its expiration, at the regular terms of the company in force at the time of such renewal, then in that case the losses occurring after the expiration of this certificate, on goods shipped between the commencement and expiration thereof, shall be provable under the renewal in the same manner as if the losses had occurred on goods shipped after the commencement of the renewal."

Under the terms of this prior policy, and before its expiration, losses, upon adjustment, to the amount of $580 had occurred. When the adjustment of these losses had been made, on June 10th, 1893, it was agreed that this policy should be canceled and this amount of losses should be devoted to the payment of the guarantee fee or premium for a renewal certificate. The losses and the cancellation was agreed should stand as the consideration or payment for the renewal certificate.

Under this arrangement between the appellants and the credit system company, the appellants, on June 10th, 1893, endorsed upon the original or prior certificate the following receipt, to wit:

"CINCINNATI, O., 6-10, '93.

"Received from U. S. Credit System Co., five hundred and eighty 00/100 dollars ($580) in full and complete satisfaction of all claims and demands of whatever kind or nature of within certificate.

"STERN, LAUER, SHOL & Co."

Lauer v. Gray.

This sum of $580 was not paid to appellants but retained by the United States Credit System·Company, and at the same time, contemporaneously with the receipt, on June 10th, 1893, the following agreement was delivered to the appellants:

"Cincinnati, O., 6–10, 1893.

"It is agreed and understood that the U. S. Credit System Company will issue to Stern, Lauer, Shol & Co., a renewal certificate on terms as follows:

"Own loss to be 1¾ per cent., Class D 2, 1⅞ per cent., Class D 1, limit of single accounts $5,000; absconding debtor special, also special allowing S. L. S. & Co. to renew certificate for $10,000 instead of $20,000 should they desire. This certificate to be *gratis* in consideration of cancelling certificate No. 470.5 having expired May 31, 1893.

"U. S. Credit System Co.,
"Oscar Ising, *Inspector.*"

The delivery of the certificate of renewal to which reference is made in this agreement, was made by the secretary of the company, by mail, with an accompanying letter, to wit:

"Newark, N. J., June 12th, 1893.

"*Messrs. Stern, Lauer, Shol & Co., Cincinnati, Ohio:*

"Enclosed we hand you $20,000 guarantee in accordance with arrangements made with an application submitted by our inspector, Mr. Oscar Ising.

"Yours respectfully,
"Frank M. Wheeler, *Sec'y.*"

To this letter and enclosure the following reply was made by Stern, Lauer, Shol & Company:

"Cincinnati, June 16th, 1893.

"*United States Credit System Co., Newark, N. J.:*

"Dear Sirs—We are in receipt of your $20,000 guarantee policy in accordance with arrangements made with your Mr. Ising.

"Respectfully yours,
"Stern, Lauer, Shol & Co."

On June 16th, 1893, the following letter was sent to the appellants:

"Newark, N. J., June 16th, 1893.

"*Messrs. Stern, Lauer, Shol & Co.:*

"Gentlemen—Enclosed we hand you special for attachment to your certificate No. 1414, which you will please substitute for the one now attached to your certificate; as we notice that the amount of $10,000 mentioned in the second paragraph of the special reads $1,000, the last naught of the $10,000 being quite indistinct.

"Yours very truly,
"Frank M. Wheeler,
"*Secretary.*"

Under these facts and circumstances the appellants became the holders of the renewal certificate, which contained the clause to which reference has been made.

Certain losses amounting, as computed according to the terms of the renewal, to the sum of $15,256.83, were ascertained, on goods shipped between June 15th, 1892, and May 31st, 1893, during the life of the prior policy, the losses occurring after the expiration thereof, and the same were presented to the receiver of the United States Credit System Company as provable under the certificate of renewal issued June 12th, 1893.

These losses were disallowed by the receiver, on the single ground that the guarantee fee or premium of the renewal certificate had not been paid on or before the expiration of the prior certificate, that date being May 31st, 1893, and that, therefore, the certificate under which the claim was presented was not a renewal. It is agreed that if the claim of the appellants does not include losses occurring during the year ending May 31st, 1894, on shipments made during the year ending May 31st, 1893, then there are no losses provable against the receiver under the conditions of the policy.

The appellants filed in the court of chancery a petition of appeal from the disallowance of losses by the receiver, claiming that the last certificate was a renewal of the prior policy, on the ground that the guarantee fee or premium for the renewal had been paid before the expiration of the prior certificate, and also that the respondent was estopped by reason of the issuance of the renewal certificate under the circumstances from denying the effectiveness of this particular clause of the renewal certificate to cover losses upon goods shipped during the life of the prior one. The petition also prayed a reformation of the certificate in case it was found in contradiction of the agreement between the credit system company and the appellants, so that the claims for losses sustained during the period covered by the prior certificate might be lawfully made. Subsequently, the appellants also presented a petition, to obtain permission to bring suit against the receiver, if it should be found necessary, to reform the certificate of renewal so as to include such losses.

The vice-chancellor, after hearing, approved the disallowance of the losses by the receiver upon the ground that the renewal certificate had not been paid for before the expiration of the prior certificate and that, therefore, the clause in the renewal policy intended to cover losses during the life of the prior policy never had any force or effect, and besides that there existed no waiver by the credit system company of the condition of such clause; that, in order to have effect, it should have been renewed and paid for before the expiration of the prior certificate. The vice-chancellor, therefore, advised that the petition of appeal from the disallowance of losses by the receiver be dismissed and decree was accordingly made. At the same time a decree was advised denying permission to sue for reformation of the certificate. From both these orders and decrees an appeal has been taken.

*Messrs. Edward A. & William T. Day,* for the appellants.

*Mr. Howard W. Hayes,* for the respondent.

The opinion of the court was delivered by

LIPPINCOTT, J.

No question has been or could be made against the validity of the issuance of the certificate of guarantee or policy of insurance to the appellants on June 12th, 1893. It is only assailed upon the ground that the condition of the clause under which the appellants seek to establish liability was never complied with. The certificate was in form a renewal certificate, as distinguished from an original certificate. It is clear from the terms of the renewal that it had relation to a prior certificate, and besides that the agreement to renew was made in view of the fact that a prior policy existed upon which, and in accordance with the terms thereof, a liability for losses had arisen. The original policy, by its terms, only insured losses on credits for merchandise sold and delivered where the sales had been made and the losses incurred before or on the date of its expiration, but it con-

templated specifically a renewal which would cover and include losses for goods shipped before its expiration where such losses did not actually occur until after its expiration.

Under this renewal certificate not only losses occurring before its expiration on goods shipped during its life were provided for, but it also, by this special clause, covered losses incurred during the same period on sales and shipments of merchandise during the life of the prior certificate. That the renewal certificate succeeded a prior certificate is conceded, and the only defence to its effectiveness in the respect claimed is that the premium or guarantee fee for which this renewal was made was not paid before the expiration of the original or prior certificate.

The conclusion reached is that no such defence has been sustained by the evidence presented to the court. The losses sustained by the appellants under the prior certificate were sustained before its expiration on May 31st, 1893. These losses were subject to adjustment, payable to the appellants on or before that time. These losses, amounting to the sum of $580, retained by the insurer, and the cancellation of the certificate, related to the date of its expiration, and thus all of the benefits which could ever arise to the appellants from it were surrendered to the insurer as of the date of its expiration. The amount of losses was not only retained, but the policy, perhaps covering other losses than those which had been adjusted, was extinguished by the assent of the appellants, upon the condition that they were to receive from the insurer a renewal policy, and which was duly and formally issued and delivered. The negotiations, which resulted in the agreement which accomplished these ends, continued over a period of ten days after the expiration of the prior certificate, but all the benefits and considerations of the renewal were in the hands of the insured before the expiration of the prior certificate and related to a period prior to that date, and must upon every process of reasoning be held to have been a fair and substantial compliance with the condition of the clause in question, which required that certificate must be paid for on or before the expiration of the original certificate, and if this

be true it would matter little when the renewal certificate was actually issued and delivered.

It must be recalled that the terms of the renewal certificate must govern in its construction and the effect to be given to its different provisions. In order to make every clause effective it only required the payment prior to the expiration of the original certificate. The renewal policy not only included this special clause but also others covering the different losses which might be incurred. The prior certificate may have contained terms antagonistic to the validity of this clause of the renewal, but the renewal being the legally-substituted contract, liability must be determined by it. The only condition of the renewal, in order to make every provision, including the one in question, effective, was that whatever was considered and agreed upon as the premium for the renewal must be paid or satisfied before or on the date of the expiration of the prior certificate. If this was done, the renewal became the right and due of the appellants in such form as would cover the losses contemplated. The satisfaction or payment, if that term is to be chosen, being found in the existence of the liability of the insurer to the appellants, during the life of the prior policy and before its expiration, under the agreement to renew, the obligation of the insurer arose to carry out the intention of the parties to so devote this previously-existent liability to the purpose of this renewal. The nature of the transactions between the insurer and the appellants not only exhibited the intention of the parties that this was to be so, but I think indicated conclusively that the renewal was based upon the benefit of the retention of the losses occurring under the old policy during its life, and the extinguishment of liability of the insurer under it on the day of its expiration.

It is difficult to perceive upon what course of reasoning or upon what principle of equity it can be contended that the letter as well as the spirit of this contract of insurance have not been complied with, or upon what ground liability can be equitably and honestly avoided. It can be fairly concluded that in order to arrive at this conclusion, there exists no need of construction or interpretation of the agreement between the parties for the re-

newal policy.    It has direct reference to the satisfaction or pay-
ment of premiums, by applying the losses arising out of the
prior policy incurred before its expiration, and upon such express
reference, it is discovered that under it, and during its life and
before its expiration, the full premium for a renewal had been
retained, and by express agreement these considerations are made
to answer for the payment of the premium for the renewal policy.
This is conceded by the insurer, but the answer is made that
the agreement making this application was not made until after
the prior policy had expired.    Under the renewal policy it may
be a question when the expiration of the prior policy occurred,
but conceding that it expired at the time claimed by the insurer,
the mere delay of embodying the renewal agreement in a formal
certificate did not alter or extinguish the obligation, for the ob-
ligation once being established, the application of equitable prin-
ciples imputes an intention to fulfill it, and if necessary to pro-
tect the parties in their just rights and enforce them, equity will
assume the obligation to have been fulfilled in accordance with
the doctrine that equity looks upon that as done which ought to
be done.

It is therefore concluded that according to the terms of the
contract between the insured and the insurer, there was a satis-
faction and payment of the premium or guarantee fee of the re-
newal certificate during the life and before the expiration of the
prior policy.

It is not necessary to consider the other grounds urged to estab-
lish the liability of the insurers upon this clause of the renewal.

The receiver, therefore, was bound, under the terms of this
renewal policy, to make allowance for the losses of the appellants,
upon merchandise shipped during the term of the prior certificate
where the losses occurred after its expiration and during the life
of the renewal certificate, and include the same in the calcula-
tion of losses under the renewal certificate, for a *pro rata* dis-
tribution of the assets of the United States Credit Sytem
Company.

The decree dismissing the appeal from the disallowance by the
receiver must be reversed, with costs.

*For reversal*—DIXON, GARRISON, LIPPINCOTT, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON—10.

*For affirmance*—DEPUE, GUMMERE—2.

With this result the petition for permission to bring suit against the receiver for a reformation of the renewal certificate becomes unnecessary, and therefore the decree denying the permission to bring such suit must be affirmed, without costs.

*For affirmance*—DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON—12.

*For reversal*—None.